## Case No. 11,766.

### The RICHARD MATT.

[1 Biss. 440.] [1]

District Court, N. D. Illinois. March Term, 1864.

SEAMEN—DISOBEDIENCE—SUNDAY WORK—WAGES —ABUSE BY CAPTAIN.

1. Seamen on a vessel not in harbor, refusing to work on Sunday unless they are allowed double pay, which was not a part of their contract, but simply a custom of the port near which they happened to be, are guilty of disobedience, and may be discharged by the captain.

[Cited in Smith v. The J. C. King, 3 Fed. 304; Pearson v. The Alsalfa, 44 Fed. 358.]

2. The vessel being at anchor in a place where there was danger in case of a change of weather, the sailors had no more right to refuse to work than if they had been on the open lake.

3. In this case partial compensation was allowed, because of abuse by the captain.

In admiralty. The libellants shipped, under the usual articles, on the 12th of October, 1863, for a trip from Chicago to Oconto, Green Bay, Wisconsin, and back at $2.25 per day. The schooner arrived at Oconto on the 17th of October, in the evening, and anchored at some distance from the shore. The next day was Sunday. About 2 o'clock in the afternoon, the captain ordered the crew to hoist some pork which was in the hold, preparatory to being unloaded in scows the next morning. The men refused to work unless they were allowed double pay. This the captain declined to give, and no work was done. The captain then went into the forecastle on Sunday evening, and, though it was very cold, took out the stove and all the bedding and bedclothes, leaving the libellants and the rest of the crew to pass the night in the forecastle upon the floor, on the deck, or upon the boards of the bunks, without any clothes or bedding of any sort. The libellants declined to go to work the next morning, and went ashore, the captain having given them to understand, the day previous, that he should discharge them.

L. Proudfoot, for libellants.
Robert Rae, for defendants.

DRUMMOND, District Judge. I think the men had no right to refuse to obey the orders of the captain. The vessel was not in a safe place, but was at anchorage, where there was more or less danger in case of a change of weather, and the double pay for Sunday's work cannot be considered a part of the contract under which these men shipped. The very fact that the men demanded double pay, and consented to go to work if double pay was given, shows they did not understand it as a part of the contract, but simply claimed it because they were at Oconto, where, it was alleged, the custom was, if they worked on Sunday, they should have double pay. If it was a part of the contract, they ought to have done the work and relied upon the contract. It is not a case of a vessel in harbor, moored to the wharf, or with a safe anchorage, free from the winds and tempest, but where the vessel was in an exposed condition, and the sailors had no more right to refuse to work on Sunday there than if they had been on the open lake. Again, they did not refuse to work for the reason that they were doing violence to their conscience. All that they wanted was double pay.

The captain had a right to discharge them for this disobedience, and, if he had contented himself with doing that at the proper time, and under the proper circumstances, I should have refused all compensation to the men, on the ground of forfeiture of wages for the disobedience. But the act of disobedience was under claim of right. The seamen insisted that, under the custom that existed there, the captain could not call upon them to work under that contract, and that it was optional with them whether they should work or not. The captain was guilty of a rather contemptible mode of punishment by depriving them of necessary comforts when the weather was inclement.

Under the circumstances, the libellants will be allowed their wages from Chicago to Oconto, and their fare back to Chicago.

When wages of seamen forfeited, and power of master to remit: The Mentor [Case No. 9,427]; Orne v. Townsend [Id. 10,583]. What cruelty and threats from the master justify a seaman in leaving the ship: Bush v. The Alonzo [Id. 2,223]. What disobedience and insubordination will justify a discharge: Jones v. Sears [Id. 7,494].